UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL HOWARD HUNTER,<br><br>Petitioner,<br><br>vs.<br><br>ANDREW SAUL; DONALD TRUMP; CHAR DOE; and ANDY SAUL, Social Security Commissioner,<br><br>Respondents. | 5:20-CV-05076-KES<br><br>ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND SCREENING FOR DISMISSAL |

Petitioner, Michael Howard Hunter, filed a petition for writ of mandamus under 28 U.S.C. § 1361. Docket 1. Hunter moves for leave to proceed in forma pauperis and to amend. Dockets 2, 18. He also moves for service and to issue subpoenas. Dockets 8, 16.

**I.   Motion to Amend**

Hunter moves to amend his petition, to strike, and to direct service. Docket 18. This court grants in part and denies in part his motion (Docket 18). Hunter's motion to amend is granted under Federal Rule of Civil Procedure 15(a)(1)(A), because "[a] party may amend its pleading once as a matter of course within 21 days after serving it[.]" Hunter's complaint has not been served, so it can be amended without leave of court. This court will base the 28 U.S.C. § 1915(e) screening on his proposed amended complaint (Docket 18-1).

His motion to strike and to direct service within Docket 18 will be addressed later in this court's order.

## II.     Motion for Leave to Proceed In Forma Pauperis

Hunter moves for leave to proceed in forma pauperis. Docket 2 at 1. Suits brought in forma pauperis require the plaintiff to demonstrate financial eligibility to proceed without prepayment of fees. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see Lundahl v. JP Morgan Chase Bank*, 2018 WL 3682503, at *1 (D.S.D. Aug. 2, 2018). A person may be granted permission to proceed in forma pauperis if he or she "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(l). The litigant is not required to demonstrate absolute destitution, and the determination of whether a litigant is sufficiently impoverished to qualify to so proceed is committed to the court's discretion. *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000); *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983); *Babino v. Janssen & Son*, 2017 WL 6813137, at *1 (D.S.D. Oct. 12, 2017). In light of the information Hunter has provided in his financial affidavit (Docket 3), this court finds that he may proceed in forma pauperis. Because Hunter has been granted leave to proceed in forma pauperis, his amended petition will be screened under 28 U.S.C. § 1915(e).

**III.    28 U.S.C. § 1915(e) Screening**

    **A.    Factual Background**

The facts alleged in Hunter's amended petition are: that he has been considered disabled since 1960. Docket 18-1 at 1. He was denied social security disability benefits fifteen months ago. *Id.* at 2. Hunter asserts that the administrative law judges are biased, corrupt, and have failed to award him backpay of $84,000.00. *Id.* at 2-4. "[T]hey have no statutory authority to with[old] granted benefits[.]" *Id.*

Hunter claims that respondents have withheld his benefits in retaliation of him exercising his First Amendment right to free speech. *Id.* at 4-5. Hunter called the employees "broke prostitutes." *Id.* He also claims that "a worker denied petitioner a request for reconsideration form which constitutes exhaustion of administrative remedies." *Id.* at 5. On January 25, 2021, Hunter called the Social Security office and claims that the "payment center asked the local office for records to deduct prior payments." *Id.* at 6.

He asserts that "payment centers [are] unlawful and waste taxpayers['] money[.]" *Id.* Hunter claims the "broke prostitute had been delaying his backpay award" and that "she" knew the delay would result in him becoming homeless. *Id.* The employees have not given Hunter their names because of his "name calling." *Id.* Hunter told an employee to "[g]et a job" and claims that they needlessly work from home and sleep on the job. *Id.* at 7. Hunter was allegedly told that there was "nothing to appeal." *Id.* at 8.

He claims that "[e]xhaustion of remedies [is] a complete obstruction of Social Security benefits entitled but denied, delayed . . . In fact the creation of payment centers was and is a legislative grant of power unauthorized by Congress" and a violation of the Fifth Amendment's Due Process Clause and a violation of his First Amendment rights. *Id.* at 8-9. Hunter "prays the Court grant a writ of mandamus [to] compel the respondent to award disability benefits and immediately grant him disability benefits from 1986 to present or [in the] alternative[,] grant disability benefits from 2009 to present[.]" *Id.* at 9.

### B. Legal Background

When a plaintiff is granted in forma pauperis status, the court screens the complaint to determine whether it should be dismissed as "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted" or for "seek[ing] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Martin-Trigona*, 691 F.2d at 857; *see also Lundahl*, 2018 WL 3682503 at *1. Pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Native Am. Council of Tribes v. Solem*, 691 F.2d 382 (8th Cir. 1982).

Notwithstanding its liberal construction, a pro se complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact;" that is, where the claim is "based on an indisputably meritless legal theory" or where, having "pierce[d] the veil of the complaint's factual allegations," the court determines those facts are "fantastic or delusional." *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989); *see also Denton v.*

4

*Hernandez*, 504 U.S. 25, 33 (1992). A court may dismiss a complaint for failure to state a claim "as a matter of law if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. . . ." *Neitzke*, 490 U.S. at 327 (1989) (citations and internal quotations omitted). To avoid dismissal, a complaint "must show that the plaintiff 'is entitled to relief,' . . . by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) (quoting *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc)). To determine whether a claim is plausible on its face is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. A complaint must allege "more than labels and conclusions." *Torti*, 868 F.3d at 671 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### C. Legal Analysis

#### 1. Writ of Mandamus

Hunter brings his amended petition for writ of mandamus under 28 U.S.C. § 1361. Docket 18-1. The Mandamus Act gives "district courts . . . original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C § 1361.

A writ of mandamus is an extraordinary remedy and appropriate in situations where (1) the petitioner has an "indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and

(3) the petitioner has no other adequate remedy." *Castillo v. Ridge*, 445 F.3d 1057, 1060-61 (8th Cir. 2006) (citing *In re SDDS, Inc.*, 97 F.3d 1030, 1034 (8th Cir. 1996)). Whether to issue a writ is within the discretion of the district court. *Id.* "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

Before a social security claimant can seek judicial review, the claimant must exhaust the administrative remedies, and it is not until these remedies have been exhausted that the Commissioner's decision is final. *Sipp v. Astrue*, 641 F.3d 975, 979-80 (8th Cir. 2011). If the claimant does not properly present his/her claim to the Commissioner and exhaust the remedies, a federal court is completely divested of jurisdiction to hear the claim. *Id.* (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)). Here, Hunter claims that exhaustion of administrative remedies is a "complete obstruction of Social Security benefits" and that his "first decision was over 14 months ago with no justification." Docket 18-1 at 8. Hunter alleges that the employees have "denied petitioner a request for reconsideration form which constitutes exhaustion of administrative remedies." *Id.* at 5.

A claimant must first appeal his initial determination. *See* 20 C.F.R. § 404.905 (2021). "Initial determinations are the determinations we [the Social Security Administration] make" and these determinations are "subject to administrative and judicial review" when the determination includes a decision

6

on the amount of benefits and issues about overpayment or underpayment of benefits. *Id.* § 404.902(c), (j). The initial determination is binding unless the claimant requests a timely reconsideration. *Id.* § 404.905.

The first step of the administrative review process is for the claimant to request reconsideration. *Id.* § 404.907. A reconsideration must be requested in writing and within 60 days from when the person received the initial determination. *Id.* § 404.909(a)(1). Once a request for reconsideration is made, the agency will "review the evidence we considered in making the initial determination" and a new determination will be made "based on the preponderance of the evidence." *Id.* § 404.920.

A notice of the reconsidered determination will be mailed to the parties and is considered binding unless the person requests a hearing before an administrative law judge. *Id.* §§ 404.921, 404.922. If a party is dissatisfied with the administrative law judge's decision, the party can seek review through the Appeals Council. *Id.* § 404.967. The Appeals Council's decision is binding unless the party files an action in Federal district court within 60 days after the date of the Appeals Council's decision. *Id.* § 404.981.

The court is unsure whether Hunter claims that the employees refused to give him a physical request form for a reconsideration or whether he claims his request for reconsideration was denied by the agency. *See* Docket 18-1 at 5, 8-9. But under either circumstance, Hunter has not pleaded sufficient facts to show that he exhausted his administrative remedies. He claims that he received a decision "over 14 months ago." *Id.* at 8. Hunter should have filed a

written request for reconsideration within 60 days of receiving the decision. *See* 20 C.F.R. § 404.909(a)(1). The regulations do not require a certain form for reconsideration to be submitted, but only that the request be made in writing and be timely. *Id.* Even if Hunter claims that a physical form was denied to him, he only had to submit a request in writing.

A claimant may use an expedited appeals process if the claimant has appealed correctly all the way to the Appeals Council and the claimant is waiting for the Appeal Council's decision. *See id.* § 404.924 (stating that the claimant must have an initial and reconsidered determination, a hearing from an administrative law judge, and have filed an appeal with the Appeals Council before filing in federal court). Hunter has not alleged sufficient facts to show that he would be entitled to an expedited appeals process. Because Hunter has not alleged facts that support that he has exhausted his administrative remedies or is entitled to an expedited process, his claim is not exhausted.

"Courts may waive the exhaustion requirement if the claimants establish (1) their claims to the district court are collateral to their claim of benefits; (2) that irreparable injury will follow; and (3) that exhaustion will otherwise be futile." *Degnan v. Burwell*, 765 F.3d 805, 808 (8th Cir. 2014) (citation omitted). Hunter has not stated facts that would support a waiver of the exhaustion requirement, thus this court does not have jurisdiction to hear his claim, and his amended petition for writ of mandamus is dismissed for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. *Bivens* Action

Hunter claims that the employees would not give him their names, and this has deterred him from bringing a *Bivens* action. Docket 18-1 at 6. He asserts that the unknown employees violated the Fifth Amendment's Due Process Clause and his First Amendment freedom of speech rights. *Id.* at 8-9.

The United States Supreme Court "held that Social Security claimants may not sue government officials under *Bivens* for alleged due process violations in denying or delaying benefits." *Sinclair v. Hawke*, 314 F.3d 934, 940 (8th Cir. 2003) (citing *Schweiker v. Chilicky*, 487 U.S., 412, 414 (1988)). Because a Due Process claim for denying or delaying benefits cannot be brought under *Bivens*, Hunter's Due Process Clause claim is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

Hunter alleges that because he exercised his right to freedom of speech he was retaliated against. Docket 18-1 at 4-5. The United States Supreme Court has "never held that *Bivens* extends to First Amendment claims." *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012). The Eighth Circuit Court of Appeals has left "for another day the important question whether *Bivens* provides a remedy for First Amendment claims, an issue we have not previously decided" and rather concluded that the plaintiff "failed to establish a claim of First Amendment retaliation under § 1983[.]" *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020). This court does not answer the question whether *Bivens* provides a remedy for First Amendment claims, but will instead analyze Hunter's claim under 42 U.S.C. § 1983, just as the court did in *Gonzalez*. *Id.*

9

To allege a First Amendment retaliation claim a plaintiff must show "(1) he engaged in a protected activity, (2) [unknown employees] took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Spencer v. Jackson County*, 738 F.3d 907, 911 (8th Cir. 2013). Hunter claims the unknown employees and respondents have withheld his benefits "in retaliation of petitioner['s] free speech calling them broke prostitutes which is approximate to their personalities and violates due process and freedom of speech under the First Amendment[.]" *Id.* at 4-5. Hunter has not alleged facts that the withholding of his benefits was motivated by his comments. A complaint must allege "more than labels and conclusions." *Torti*, 868 F.3d at 671 (quoting *Twombly*, 550 U.S. at 555). Here, Hunter asserts that the withholding of his benefits was because he called the employees "broke prostitutes," but he does not allege sufficient facts that support this allegation. Because Hunter cannot rely on mere conclusions, his First Amendment claim is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii).[1]

Thus, it is ORDERED:

1. That Hunter's motion for leave to proceed in forma pauperis (Docket 2) is granted.

2. That Hunter's motion to amend (Docket 18) is granted in part and denied in part. The court grants Hunter's motion to amend but denies

---

[1] Because Hunter's amended petition is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii), his motions to subpoena, and to strike (Dockets 8, 16, 19) are denied as moot.

the motion to direct service and to strike.

3. That Hunter's amended petition is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

4. That Hunter's remaining motions (Dockets 8, 16, 19) are denied as moot.

Dated February 22, 2021.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE